The opinion of the court was delivered by Chancellor James, as follows:
Complainant among other matters, states in her bill. that a marriage settlement was duly made and executed . ° J ... on the 8th May, 1794, by which forty-five shares mthe South-Caroliria Bank (among other property) were conveyed to trustees for the use of complainant Charity Lush-ington, (now Charity Forrest) the intended wife of George ‘Forrest, which bank shares are the property claimed by the bill. That the marriage was shortly after solemnized, and the said George Forrest, soon after the marriage, received the dividends of said shares from the said bank, for the years 1794,1795,1796, without any power of attorney from complainant. That from the time of said intermarriage, until the close of the year 1797, the credit of the said George Forrest stood high as a merchant, but in the year last mentioned, he suddenly absconded from his creditors; That after the said George Forrest had leftcom-plainant in distressed circumstances, she found that the *259 said bank shares had been twice assigned by the said George Forrest — first, to Isaac Peace, without giving him possession of the certificates for the same; and secondly, to the defendant James Waringtqn, who had obtained possession of the said certificates from the president, or some other officer of the Charleston Insurance Company. That the said assignments were both made without any authority from complainant or her trustees.
The defendant James Warrington, among other matters, sets forth in his answer:
That after the marriage of the said George and Charity Forrest, while the said George Forrest was apparently in affluent circumstances, viz : in the month of Sept. 1797, the said George Forrest pretending to have a right to s'ell the forty-five bank shares in dispute, together with other stock in the answer mentioned, this defendant did agree with him to purchase the same.
That in consequence of said agreement, the said bank shares were assigned to the defendant on the 7th October, 1797,under the hand and seal of the said George Forrest, That defendant gave a good consideration for the said bank shares, without notice of the marriage settlement, and was an innocent bona jide purchaser. That the said marriage settlement was never recorded in the manner' prescribed by law. That therefore defendant pleads the piatters of fact above stated in bar to so much of complainants bill as seeks %o compel him to deliver up the said bank shares to the complainant.
A great many grounds have been occupied in this case, and the questions arising in it have been argued with great ability by the counsel on both sides. Upon consideration however, it appears to the court that the case may properly be confined to two grounds.
1st. Whether the marriage settlement of Charity Forrest, not being recorded, shall prevail against a bona jide purchaser.
2nd. Whether George Forrest, the husband, did make, a legal assignment of the bank shares to the defendant,
*260 Upon the first point, we observe that the act of the Iegis-Iature to oblige persons interested in marriage deeds to record the same, passed on the 18th March, 1785, directs that every marriage contract, deed or settlement that shall hereafter be entered into for securing any part of the estate, real or personal in this state, of any person or. persons whomsoever, shall within three months after the execution thereof be duly proved and recorded. That again, an act of the legislature to alter and amend the one above mentioned, which passed on the 21st of December, 1792, directs, that all marriage settlements shall particularise the real and personal estate thereby intended tó be passed, or have a schedule annexed, particularising the same ; and in default of such schedule, and recording the said settlements, are declared to be fraudulent and void against creditors and bona fide purchasers.
We have been the more particular in reciting these acts to shew the abundant caution of the legislature to provide against the mischiefs arising from the former practice of not recording marriage settlements. The preambles to both the acts also shew how anxious they were that persons interested in marriage deeds'should not have it in their power to keep the same secretly by them, and by the shew of an estate liable for their debts, to induce creditors to trust them. If it were necessary by any other proof to shew the solicitude of the legislature to guard' against these and such like mischiefs, it might be done by referring to the statute book, and pointing out that the spirit of every law upon the subject of recording deeds is directly opposed to the holding out of false lights to creditors, and bona fide purchasers.
The first act we have quoted, directs that marriage settlements shall be recorded within three months after the executing of the same; and the second enacts, that in default thereof, they shall be void against creditors and bona fide purchasers. Now in the case before us, the deed never was recorded until three years and seven months after the same was executed.
*261 The acts of assembly have therefore pronounced it void, and how can this court say that it shall prevail against a bona fide purchaser- The abundant caution of the legislature has left no room for the interference of this court; and although it may be urged that this is a hard case, yet we must reply, as in a case decided to-day, that such is the law. Upon the question of assignment, it will be proper co enquire, 1st. Whether George Forrest had the power to assign. 2d. Whether the assignment was properly made. As to the power, we are of opinion, that although the marriage Settlement was properly executed, as between the parties thereto; yet as to bona fide purchasers, from its not being recorded, that it remained inchoate, and inoperative.
To bring it into operation, the law required a certain act to be performed in a certain time; that act was not performed within the time fixed ; therefore as between George Forrest and an innocent purchaser, the property remained as if no marriage settlement had ever been made, and all the marital rights over it, attached in the •husband.
He would not indeed be allowed in equity to defeat his own agreement, if the same had been complete; but the trustees having left it incomplete, he was left at liberty to act as he pleased.
After the marital rights attached, it only remained for the husband to reduce the property into possession, to be able in law to assign the same; and this, it appears, he did, by exercising acts of ownership over it; first, by receiving the dividends for three years ; second, by depositing the certificates for the same in the Charleston Insurance Company ; and third, by assigning over the same to the defendant. Now these acts certainly shew an intention to make use of the property — but to shew an intention to make use of property “ is said in 2d Atk. 20/, to be a sufficient reducing into possession. It therefore is plain that to a purchaser without notice, George-Forrest had the power to assign.
*262 The question then remains whether the assignment was properly made. It was contended by complainants counsel that a chose in action is not assignable at law, and that assignment can only be made in this court. This may have been the case formerly, but in the case of Carteret & Paschal, 1st Peer Wm. 199, it is held that where Baron is entitled to a chose in action, as he may release or forfeit it, so if he should assign it for a valuable consideration, it would be good.
This case is fully in point, and the assignment stated to be made therein by Dr. Herbert, is similar in every principíelo the one made by George Forrest, in the present case. We therefore, hold this a sufficient authority for us to decide that the assignment by Forrest was properly made. It was strongly urged by complainant’s counsel, that defendant had sufficient notice to put him upon inquiry, and therefore that this notice was good inlaw. We agree with the counsel, in the law, so far as it applies; but we apprehend that in all such cases, the purchaser ought to be put upon such an enquiry as might lead him to the truth. The only fact in the present case that could put the purchaser upon inquiring was, that the stock at the time of the assignment, still stood in the name of Charity Lushington. But this fact would mislead him — seeing the stock still in the name of complainant, before marriage, he would naturally conclude that by virtue of the marital rights, it became her husband’s after marriage.
But further, if his researches carried him to the secretaries office, he would be led still further from] the truth. Since there he would find that no marriage settlement had been recorded. So that the only information he had, which could put him upon inquiry, would tend to lead him wide of the truth; we apprehend that the law quoted (from 1st. Fonb. 151) will not apply in the present case.
It was also contended that a chose in action was not such an interest as it was necessary to record; seeing from its nature it could hold out no false lights, could give no false credit, and therefore it could not come with *263 in the spirit of the acts. But as we cannot aiuds distance of time know all tbe views of the legislature m passing these acts, it will be sufficient for us, if it can upon a fair construction be brought within the general w .i ds of acts. It is cleaf , from the books cited that chases in action constitute a part of personal estate. Now both acts of the legislature which we have cited, in directing settlements to be recorded, make use of the generic term personal estate, and therefore choses in action being as we have observed a part of the personal estate must come within the general words of the law, and ought like any other personal property contained in a marriage settlement, to be recorded.
Before the court dismiss the subject, it may be proper to observe that during the argument, attempts were made to interest their feelings in favour of the complainant, as a woman left in destitute circumstances.
Had this been really the case, the court do not know what relief they could have afforded her under the law. .But they find that the fact is otherwise, and that there is other property of considerable value contained in the marriage settlement, which does not appear to be claimed by the creditors of George Forrest.
Therefore as it appears that the marriage settlement was void, under the acts of assembly, from its not being recorded ; and being so void, that the defendant, as a bona fide purchaser, became capable thereby to receive a legal assignment of the property in dispute,
It is therefore decreed upon the matters of fact set forth . by defendant, that his plea in bar be sustained: and that the costs be paid by complainant.